———o———

## 5514.

(Court of Appeal, Parish of Orleans.)

## THOMAS JOHNSON vs. ANTHONY PUHALOVICH.

The discretion vested in the lower Court in refusing a motion for a new trial will not be reviewed or disturbed, where it clearly appears that mover has not been prejudiced by such refusal.

Appeal from the Civil District Court, Division "A."

Dinkelspiel, Hart & Davey, for plaintiff and appellee.

Geo. F. Bartley, for defendant and appellant.

GODCHAUX, J.—This cause was before us in June, 1911, when we affirmed a judgment ordering Ernst, the surety on the forthcoming bond given to release plaintiff's provisional seizure, to deliver the property seized free from all liens or in default thereof to pay plaintiff's judgment.

— 175 —

The decree of this Court was recorded below and execution having been ordered, Ernst obtained an injunction staying the execution of the writ on the ground, as stated in his petition for injunction, that he "has tendered said property bonded by him to the sheriff who has executed a writ of execution against him, and who *  *  * * refuses to accept said tender."

Plaintiff, defendant in injunction, thereupon moved to dissolve the injunction on the ground that the petition in injunction failed to disclose a cause of action and on other grounds not necessary to consider. The motion to dissolve was regularly taken up on the day fixed for trial, but in the absence of counsel for Ernst, who failed to appear, and the trial resulted in a judgment sustaining the motion and dissolving the injunction as prayed for. There is no note of evidence in the record, but the judgment recites that it was rendered "after hearing the pleadings and the law and the evidence being in favor of plaintiff in rule, etc." Plaintiff in injunction then applied for a new trial on the sole ground that through a misunderstanding his counsel was absent and was not heard on the trial of the rule to dissolve. The new trial having been refused, he prosecutes the present appeal.

It is unnecessary to consider whether or not the lower Court exceeded the wide discretion vested in it in refusing the new trial prayed for on the ground stated, for this Court is of the opinion that the plea of no cause of action leveled at the petition for the injunction is well taken and the judgment appealed from sustainable on that ground, and consequently the appellant is not prejudiced by his failure to be represented on the trial of the rule to dissolve, his counsel having had ample opportunity in this Court to fully present his views as to the plea of no cause of action.

It will be noted that the judgment sought to be enjoined orders Ernst to deliver the property free from lien. or to pay the judgment. The petition for injunction merely states that the property was tendered and does not set out that it was tendered free from liens, nor does it allege that the tender was seasonably made before default in that respect. These omissions are fatal to the petition and the judgment of dismissal was proper.

The judgment is accordingly affirmed.

Judgment affirmed.

March 4, 1912.

Rehearing refused, April 1, 1912.

————o————

5526.

(Court of Appeal, Parish of Orleans.)